# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **CLOUD 9 VAPORS LLC**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**CLOUD 9 VAPES, LLC**<br><br>    **Defendant.** | **CASE NO.** 2:18-cv-146-KS-MTP |

## NOTICE OF REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

Pursuant to 28 U.S.C. § 1446, Defendant hereby gives notice that *Cloud 9 Vapors LLC v. Cloud 9 Vapes, LLC*, Case No. H18-0111, in the Circuit Court of Forrest County, Mississippi, has been removed to the U.S. District Court for the Southern District of Mississippi.

## The Grounds for Removal

This Court has original jurisdiction of this action under diversity of citizenship jurisdiction and federal question jurisdiction pursuant to 28 U.S.C. §§ 1332, 1331, 1441, and 1446. The action may be removed to this Court for the following reasons:

1. On July 20, 2018, Plaintiff filed suit against Defendant in the Circuit Court of Forrest County, Mississippi, styled *Cloud 9 Vapors LLC v. Cloud 9 Vapes LLC*, Case No. H18-01111.

2. Defendant received the summons and complaint on July 25, 2018.

3. This Notice of Removal is filed within the time allowed under 28 U.S.C. § 1446(b) as thirty days have not yet expired since Defendant was first served with a copy of the Summons and Complaint.

4. In accordance with 28 U.S.C. § 1446(a), all of the process and pleadings served upon Defendant in this action to date are attached to this Notice as Exhibit "A."

### Diversity Jurisdiction - 28 U.S.C. § 1332

**A. Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.**

5. Defendant removes this action based on diversity of citizenship pursuant to 28 U.S.C. § 1441(b).

6. Complete diversity of citizenship exists between Plaintiff and Defendant.

7. As stated in Paragraph 1 of the Complaint, Plaintiff is a limited liability company organized and existing under the laws of the State of Mississippi with its principal place of business in Hattiesburg, Mississippi.

8. Upon information and belief, Plaintiff is a single member LLC. Its sole member is Floyd Gray Jr., a citizen of the State of Mississippi.

9. Plaintiff is accordingly a citizen of the State of Mississippi. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

10. Defendant is a limited liability company organized and existing under the laws of the State of Alabama with its principal place of business in Mobile, Alabama.

11. Defendant is an LLC with two members, Gary Harris and Jonathan Harris, both citizens of the State of Alabama. Defendant is accordingly a citizen of the State of Alabama.

12. No Defendant is a citizen of Mississippi.

13. Because Plaintiff is a citizen of the State of Mississippi, and Defendant is a citizen of the State of Alabama, complete diversity of citizenship exists between Plaintiff and Defendant.

**B.   The Amount-In-Controversy Requirement is Satisfied.**

14. A Notice of Removal requires "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

15. "[A]s specified in § 1446(a) a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

16. "A statement 'short and plain' need not contain evidentiary submissions." *Id.* at 551.

17. The amount-in-controversy is valued by measuring the judgment's pecuniary consequences to those involved in the litigation. *Duderwicz v. Sweetwater Sav. Ass'n*, 595 F.2d 1008, 1014 (5th Cir. 1979).

18. In the instant case, Plaintiff seeks a declaratory judgment that it owns the CLOUD 9 VAPORS mark and asserts that it has spent "over $30,000 . . . on advertising the CLOUD 9 VAPORS mark and stores." Exhibit A, Complaint, Paragraph 8.

19. As referenced in the Complaint, Defendant will soon open its sixth CLOUD 9 VAPES store, which will be located in D'Iberville, Mississippi. Defendant has spent in excess of $100,000 on this location.

20. Based on its other locations, Defendant expects revenues at its D'Iberville location to significantly exceed $75,000 in its first year.

21. Use of the CLOUD 9 VAPES mark will play a considerable role in generating such revenue, as the goodwill associated with the mark is substantial.

22. Accordingly, the amount in controversy in this action well exceeds $75,000, exclusive of interest and costs.

23. Because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is entirely between citizens of different states, and no defendant is a Mississippi citizen, removal on the basis of diversity is proper pursuant to 28 U.S.C. § 1441(b).

## FEDERAL QUESTION JURISDICTION - 28 U.S.C. § 1331

24. Defendant alternatively removes this action based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).

25. Removal is proper because Plaintiff's claims arise under federal trademark law.

26. 28 U.S.C. § 1338(a) provides: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . trademarks."

27. 28 U.S.C. § 1338(b) provides: "The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the . . . trademark laws."

28. On its face, the Complaint pleads state law claims. Plaintiff, however, has crafted its claim to avoid federal jurisdiction. "[A]n exception to the well-pleaded complaint rule exists when plaintiffs 'artificially plead' their complaint in order to avoid federal jurisdiction of claims that are federal in nature." *Her Majesty the Queen in Right of Province of Ontario v. City of Detroit,* 874 F.2d 332 (6th Cir. 1989).

29. If "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims" or if plaintiff's claim is "really one of federal law," then the matter may be properly removed to federal court. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 13, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983).

30. Defendant first used its CLOUD 9 VAPES mark at least as early as 2014 when it opened its first store in Mobile, Alabama.

31. Defendant subsequently opened additional locations in Mobile, Semmes, and Daphne, Alabama.

32. Defendant will soon open a location in D'Iberville, Mississippi, approximately 50 miles from its first location in Mobile, Alabama.

33. Attempting to trade on Defendant's goodwill, Plaintiff opened CLOUD 9 VAPORS in Hattiesburg, Mississippi in 2015.

34. Plaintiff subsequently opened locations in McComb, Mississippi and Pascagoula, Mississippi.

35. Plaintiff claims it owns the CLOUD 9 VAPORS mark in the entire state of Mississippi.

36. The Court is tasked with determining the geographic reach of Defendant's trademark rights and whether Plaintiff, the junior user, is entitled to a declaratory judgment of ownership, unfair competition, and non-infringement.

37. Plaintiff's claim thus requires the application of 15 U.S.C. § 1125(a), which provides, in pertinent part:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

38. As Plaintiff's claims involve interstate commerce and federal trademark law, they are federal in nature, and removal on the basis of federal question jurisdiction is proper pursuant to 28 U.S.C. § 1331.

WHEREFORE, Defendant Cloud 9 Vapes LLC prays that this action be removed to the United States District Court for the District of Southern Mississippi.

Dated:  August 15, 2018

.

        Respectfully submitted,

        */s/ Stephan L. McDavid*
        Stephan L. McDavid, MSB No. 8380
        MCDAVID & ASSOCIATES, PC
        1109 Van Buren Avenue
        Post Office Box 1113
        Oxford, Mississippi 38655
        Telephone: (662) 281-8300
        Facsimile: (662) 281-8353
        smcdavid@mcdavidlaw.com
        *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 15, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

*/s/ Stephan L. McDavid*
Stephan L. McDavid