# EXHIBIT A

IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

CLOUD 9 VAPORS LLC, )
)
PLAINTIFF, )
)
V. ) CIVIL ACTION NUMBER: H18-0111
)
CLOUD 9 VAPES, LLC, )
)
DEFENDANT. )
)

SUMMONS

THE STATE OF MISSISSIPPI

TO:   **CLOUD 9 VAPES, LLC**
c/o Gary P. Harris
4563 Cypress Shores Dr.
Mobile, Alabama  36619

NOTICE TO DEFENDANTS

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Michael C. Williams, the attorneys for the Plaintiff, whose post office address is Post Office Box 1789, Jackson, Mississippi 39215-1789, and whose street address is 188 East Capitol Street, Suite 400, Jackson, Mississippi 39201. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 20 day of July, 2018.

Gwen Wilks
Clerk of Forrest County, Mississippi
Post Office Drawer 992
Hattiesburg, MS  39043

(SEAL)

PROOF OF SERVICE--SUMMONS
(Process Server)

---

Name of Person or Entity Served

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

_____ FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender.

_____ PERSONAL SERVICE. I personally delivered copies to _____ on the _____ day of _____, 2018, where I found said person(s) in _____ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons and complaint on the _____ day of _____, 2018, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son daughter, or other person as the case may be), a member of the family of the person served abode the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2018, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ CERTFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served *(Attach signed return receipt or the return envelope marked "Refused".)*

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $_____

Process Server must list below:

NAME _____
ADDRESS _____
_____

TELEPHONE NO. _____

---

STATE OF _____

COUNTY OF _____

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service--Summons" are true and correct as therein stated.

_____
PROCESS SERVER (SIGNATURE)

Sworn to and subscribed before me this the _____ day of _____, 2018.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

_____

(SEAL)

IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

FILED
JUL 2 0 2018
FORREST COUNTY CIRCUIT CLERK

| | |
|---|---|
| CLOUD 9 VAPORS LLC, | ) |
| PLAINTIFF, | ) |
| V. | ) CIVIL ACTION NUMBER: H18-0111 |
| CLOUD 9 VAPES, LLC, | ) |
| DEFENDANT. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Cloud 9 Vapors, LLC, ("Cloud 9"), seeks a declaratory judgment, pursuant to Miss. R. Civ. P 57 against Cloud 9 Vapes, LLC ("C9"), declaring that Cloud 9 is the lawful owner of the CLOUD 9 VAPORS mark, and the goodwill associated therewith, for retails store services specializing in selling e-cigarette and accessories in the state of Mississippi, and in support would show this Honorable Court as follows:

### PARTIES

1. Cloud 9 is a limited liability company organized and existing under the laws of the state of Mississippi. Cloud 9's principal place of business is 6086 US Highway 98 Suite 5A, Hattiesburg, MS 39402.

2. C9 is a limited liability company organized and existing under the laws of the state of Alabama. C9's principal place of business is 4563 Cypress Shores Dr., Mobile, Alabama 36619. C9 may be served with process by serving summons and the Petition on its registered agent, Gary P. Harris at the same address.

## JURISDICTION AND VENUE

3. Venue is proper in Forrest County and the court has subject matter jurisdiction.

## FACTUAL BACKGROUND

4. In April of 2015 Cloud 9, or its predecessors in interest, opened a retail store in Hattiesburg, Mississippi specializing in selling e-cigarette and accessories under the name CLOUD 9 VAPORS, and began using the mark "CLOUD 9 VAPORS" in the stream of commerce.

5. Cloud 9, or its predecessors in interest, vigorously advertised the mark CLOUD 9 VAPORS and provided excellent service to its customers due to its expertise, earning the reputation as the go-to store for e-cigarette accessories in southern Mississippi.

6. Using the goodwill and success of the Hattiesburg, MS location, Cloud 9, or its predecessors in interest, opened a second store using the CLOUD 9 VAPORS mark in McComb, Mississippi, later in 2015.

7. Using the goodwill acquired from the success of the Hattiesburg and McComb stores, Cloud 9, or its predecessors in interest, opened a third location in Pascagoula, Mississippi, again, using the CLOUD 9 VAPORS mark in or around November of 2017. Cloud 9, or its predecessors in interest, continued its strategy of aggressive marketing and strengthening of the CLOUD 9 VAPORS mark and continues to do so today.

8. Since 2015, the three CLOUD 9 VAPORS stores have been immensely successful. Additionally, over $30,000 has been spent on advertising the CLOUD 9 VAPORS mark and stores, creating brand recognition in the CLOUD 9 VAPORS name throughout the state of Mississippi.

9. As a direct result of Cloud 9 and its predecessor's efforts, the CLOUD 9 VAPORS mark and brand have become well-known and synonymous with high quality service and products in the e-cigarette industry within the state of Mississippi.

10. On November 22, 2017, Defendant C9 contacted Plaintiff seeking to enforce its common law trademark rights within the state of Mississippi, claiming that Plaintiff's trademark was confusingly similar to its CLOUD 9 VAPES mark. Accordingly, Defendant demanded that Plaintiff cease and desist any and all use of Plaintiff's CLOUD 9 VAPORS mark. *See* Exhibit A, November 22, 2017 Correspondence.

11. Unlike Plaintiff, Defendant does not own or operate any stores in the state of Mississippi. Likewise, upon information and belief, Defendant use its CLOUD 9 VAPES mark in the state of Mississippi. Lastly, Defendant's mark is not registered with the Office of the Secretary of State of the State of Mississippi, nor is Defendant's mark federally registered.[1]

12. Recently, however, on June 28, 2018, the purported owner of C9, Jonathan Harris announced the Defendant's intention to open a store within the state of Mississippi in the City of D'Iberville and began soliciting applications for employees. *See* Exhibit B, Jonathan Harris Facebook Announcement. Defendant's potential use of the mark CLOUD 9 VAPES would cause confusion between the two entities.

13. As set forth in the November 22, 2017 correspondence, Defendant claims that Plaintiff's use of its CLOUD 9 VAPORS mark constitutes infringement of the Defendant's intellectual property rights. *See* Exhibit A.

14. Additionally, Defendant has threatened Plaintiff with legal action if Plaintiff fails to cease and desist use of Plaintiff's CLOUD 9 VAPORS mark. *Id.*

15. Plaintiff continues to use the CLOUD 9 VAPORS mark and Plaintiff has a substantial investment in the mark, along with a history of use of the mark in connection with the

---

[1] Additionally, given the fact that C9's application is proceeded by two similar applications, it is unlikely that they will ever receive a federally registered mark for Cloud 9 Vapes. *See* Exhibit C, Copy of USPTO Office Action.

promotion and rendering of high quality products and services offered by Plaintiff in the e-cigarette industry.

16. The demands of the Defendant, and threats of litigation against Plaintiff by the Defendant currently subjects the Plaintiff to a real and reasonable apprehension that its continuing actions will result in litigation by the Defendant against the Plaintiff claiming infringement and related liability, which would disrupt Plaintiff's business operations.

17. As such, Plaintiff has initiated this action for purposes of seeking declaratory relief and resolution concerning its rights to use the CLOUD 9 VAPORS mark and the ownership of the goodwill associated therewith

### COUNT I – DECLARATORY JUDGMENT – OWNERSHIP OF TRADEMARK

18. Plaintiff incorporates by reference the foregoing allegations.

19. Plaintiff has utilized the CLOUD 9 VAPORS in commerce continuously since 2015 in conjunction with the promotion and rendering of the products and services offered by Plaintiff in the following locations: Hattiesburg, Mississippi, McComb, Mississippi, and Pascagoula, Mississippi.

20. Plaintiff seeks a Judgment of this Court that Plaintiff is the lawful owner of the CLOUD 9 VAPORS mark within the state of Mississippi and the ownership of the goodwill associated therewith.

### COUNT II-DECLARATORY JUDGMENT— UNFAIR COMPETITION UNDER MISSISSIPPI COMMON LAW/MISS. CODE ANN. §§ 75-25-ET SEQ.

21. Plaintiff incorporates by reference the foregoing allegations

22. Defendant's actions, as described above, are likely to cause confusion or mistake, or to deceive the public, as to an affiliation, connection, or association between Cloud 9 and Defendant.

23. Defendant's actions, as described above, are likely to cause confusion or mistake, or to deceive the public, as to the origin, sponsorship, or approval of Defendant, the products it sells, its services or its commercial activities.

24. Defendant's actions, as described above, are likely constitute infringement of Cloud 9's rights in its CLOUD 9 VAPORS mark, misappropriation of Cloud 9's goodwill in the mark, and unfair competition under Mississippi common law.

25. Defendant's actions, as described above, constitute material misrepresentations as to its affiliation, connection, or association of Defendant with Cloud 9, or as to the origin, sponsorship, or approval of Cloud 9, its products, its services, and its commercial activities by or with Cloud 9. These material misrepresentations have caused or are likely to cause diversion of trade or harm to the goodwill of Cloud 9 and constitute unfair competition under Mississippi common law.

**COUNT III – DECLARATORY JUDGMENT—NON-INFRINGEMENT**

26. Plaintiff incorporates by reference the foregoing allegations.

27. Plaintiff's use of the CLOUD 9 VAPORS mark in connection with the offering of the products and services provided by Plaintiff in no way infringes upon the alleged rights of Defendants.

28. Defendant does not have any trademark rights to use or control the use of the CLOUD 9 VAPORS mark in the state of Mississippi.

29. Defendant does not have any trademark rights to use or control the use of the CLOUD 9 VAPES mark in the state of Mississippi.

30. Plaintiff seeks a judgment of this court that Plaintiff does not infringe upon any alleged trademark rights of the Defendant through the use of the CLOUD 9 VAPORS mark.

WHEREFORE, Plaintiff seeks judgment against the Defendant as follows:

a. That Plaintiff is the lawful owner of the CLOUD 9 VAPORS trademark;

b. That Defendant is enjoined from using the CLOUD 9 VAPES mark in the state of Mississippi;

c. That Plaintiff does not infringe upon any trademarks rights of the Defendant through Plaintiff's use of the CLOUD 9 VAPORS mark, and that Defendant does not have any trademark rights in the CLOUD 9 VAPORS mark in the state of Mississippi;

d. That Defendant does not have any trademark rights in the CLOUD 9 VAPES mark in the state of Mississippi;

e. Awarding Plaintiff all costs, expenses and attorneys' fees incurred in bringing this action; and

f. Awarding all such other and further relief this Court deems just and proper.

RESPECTFULLY SUBMITTED,

/s/ Michael C. Williams

Michael C. Williams (MSB 104537)
BRADLEY ARANT BOULT CUMMINGS LLP
188 East Capitol Street, Suite 400
Jackson, MS 39201
Telephone (601) 949-8000
mcwilliams@bradley.com

*Attorneys for Cloud 9 Vapors LLC*

**OF COUNSEL:**

Jeremey A. Smith (*Pro Hac Vice Applied*)
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue W., Ste 900
Huntsville, AL 35801
Telephone: (256) 517-5100
Facsimile: (256) 517-5200
jasmith@bradley.com

ADAMSIP, LLC

INTELLECTUAL PROPERTY LAW

November 22, 2017

VIA USPS & EMAIL
Floyd Gray, Jr.
Cloud 9 Vapors
6086 U.S. Highway 98, Suite 5A
Hattiesburg, MS 39402
grayfloyd@ymail.com

                          RE:    Cloud 9 Vapes

Dear Mr. Gray:

This firm represents Cloud 9 Vapes LLC ("C9") with respect to its intellectual property interests. If you are represented by counsel, forward this letter to your attorney, and direct all correspondence to my attention.

Since at least as early as 2014, my client has used CLOUD 9 VAPES in commerce in connection with its retail stores, which sell electronic cigarettes, vaporizers, chemical flavorings, and accessories. Through its widespread and extensive commercial use of CLOUD 9 VAPES, my client has established valuable goodwill and consumer recognition in the mark.

C9 recently learned that you operate one or more Cloud 9 Vapors retail outlets that sell electronic cigarettes and related accessories approximately 90 miles from my client's Mobile, Alabama locations.

Given C9's prior use of the mark, it is the senior user and has superior rights in the mark. In addition to the common law rights acquired through actual use, C9 owns U.S. Trademark Application No. 87683830 for CLOUD 9 VAPES for retail store services featuring electronic cigarettes, vaporizers, chemical flavorings, and accessories. See attached.

CLOUD 9 VAPES serves as an important and distinctive representation of my client's services as well as the goodwill of its business. We must accordingly protect the mark against any misrepresentation that may impair its effectiveness or lead to consumer confusion.

C9 takes seriously its duty to respect the intellectual property rights of others and only requests the same in return. The offering identical services under a nearly identical mark within close proximity to my client has already led to multiple instances of actual consumer confusion.

While C9 prefers to resolve this matter without litigation, please note that this activity is actionable under federal and state law for unfair competition and false designation of origin, among other causes of action. See, e.g., 15 U.S.C. § 1125.

ADAMSIPLAW.COM

300 DAUPHIN STREET, SUITE 200, MOBILE, ALABAMA 36602
251.289.9787



EXHIBIT A

Remedies for this type of activity include preliminary and permanent injunctions, money damages, compensation equal to your profits, and reimbursement of our costs.

We accordingly demand that you cease and desist use of Cloud 9 Vapors and any confusingly similar mark. C9 is willing to negotiate a reasonable wind down period during which you rebrand.

Please provide written confirmation that you will cease and desist use of Cloud 9 Vapors to avoid further enforcement of my client's rights.

This letter is sent without prejudice to my client's rights and claims, all of which are expressly reserved.

I'm happy to discuss this matter with you or your counsel and can be reached at the number above.

Sincerely,

Alexa Stabler-Adams

Enclosures

**Torre Pinter** Grow the facial hair back out

1w

↳ Torre Pinter replied · 2 Replies

**Jonathan Harris**
June 28 at 10:15 PM

Ok guys and gals, we're putting a shop in the D'Iberville, MS area SOON. We have room for 1 full time person. If you're interested in a job at a vape shop that does things the right way, message me for more details. Vape shop experience is a plus but is not required.

👍❤ 72

7 Shares

👍 Like    💬 Comment    ↗ Share

View 26 more comments

**Christopher Clarke** Ummmmm hmmmmmm I want it. Butttttt gotta talk to the wife bruh.

Like · Reply · 2w    ❤ 1

**Michael AuNatural Dunson** That's awesome! Congrats my friend

Like · Reply · 2w    👍 1

↳ Jonathan Harris replied · 1 Reply

**Tom Hardin** Ronnie Cash. Your fired. Pick up ur last check. Wait. I don't pay u. Ur still fired. Lol

Like · Reply · 2w    😀 1

Photos



Friends

| | |
|---|---|
| **To:** | Cloud 9 Vapes LLC (alexa@adamsiplaw.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 87683830 - CLOUD 9 VAPES - 332-200 |
| **Sent:** | 2/28/2018 9:32:32 AM |
| **Sent As:** | ECOM113@USPTO.GOV |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |
| | Attachment - 13 |
| | Attachment - 14 |
| | Attachment - 15 |
| | Attachment - 16 |
| | Attachment - 17 |
| | Attachment - 18 |
| | Attachment - 19 |
| | Attachment - 20 |
| | Attachment - 21 |
| | Attachment - 22 |
| | Attachment - 23 |
| | Attachment - 24 |
| | Attachment - 25 |
| | Attachment - 26 |
| | Attachment - 27 |
| | Attachment - 28 |
| | Attachment - 29 |
| | Attachment - 30 |
| | Attachment - 31 |
| | Attachment - 32 |
| | Attachment - 33 |
| | Attachment - 34 |
| | Attachment - 35 |
| | Attachment - 36 |
| | Attachment - 37 |
| | Attachment - 38 |
| | Attachment - 39 |
| | Attachment - 40 |
| | Attachment - 41 |
| | Attachment - 42 |
| | Attachment - 43 |
| | Attachment - 44 |

EXHIBIT C

Attachment - 45
Attachment - 46
Attachment - 47
Attachment - 48
Attachment - 49
Attachment - 50
Attachment - 51
Attachment - 52
Attachment - 53
Attachment - 54
Attachment - 55
Attachment - 56
Attachment - 57
Attachment - 58
Attachment - 59
Attachment - 60
Attachment - 61
Attachment - 62
Attachment - 63
Attachment - 64
Attachment - 65
Attachment - 66

**UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)**
**OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION**

**U.S. APPLICATION SERIAL NO.** 87683830

**MARK:** CLOUD 9 VAPES

*87683830*

**CORRESPONDENT ADDRESS:**
ALEXA STABLER-ADAMS
ADAMSIP, LLC
300 DAUPHIN STREET, SUITE 200
MOBILE, AL 36602

**CLICK HERE TO RESPOND TO THIS LETTER:**
http://www.uspto.gov/trademarks/teas/response_forms.jsp

VIEW YOUR APPLICATION FILE

**APPLICANT:** Cloud 9 Vapes LLC

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
332-200

**CORRESPONDENT E-MAIL ADDRESS:**

alexa@adamsiplaw.com

## OFFICE ACTION

### STRICT DEADLINE TO RESPOND TO THIS LETTER

TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW.  A RESPONSE

TRANSMITTED THROUGH THE TRADEMARK ELECTRONIC APPLICATION SYSTEM (TEAS) MUST BE RECEIVED BEFORE MIDNIGHT **EASTERN TIME** OF THE LAST DAY OF THE RESPONSE PERIOD.

**ISSUE/MAILING DATE:** 2/28/2018

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issues below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

**Summary of Issues**:
- Section 2(d) Refusal – Likelihood of Confusion
- Advisory: Registration May be Refused Based on Prior Pending Applications
- Disclaimer of Descriptive Wording Required

**Section 2(d) Refusal – Likelihood of Confusion**

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 4068062. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.* See the attached registration.

Registrant owns the mark CLOUD9 for "cigarillos" and "cigars" in Class 34.

Applicant applied-for the mark CLOUD 9 VAPES for "On-line retail store services featuring electronic cigarettes, vaporizers, chemical flavorings, and accessories; Retail store services featuring electronic cigarettes, vaporizers, chemical flavorings, and accessories" in Class 35.

Trademark Act Section 2(d) bars registration of an applied-for mark that so resembles a registered mark that it is likely a consumer would be confused, mistaken, or deceived as to the source of the goods of the applicant and registrant(s). *See* 15 U.S.C. §1052(d). Determining likelihood of confusion is made on a case-by-case basis by applying the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973). *In re i.am.symbolic, llc*, 866 F.3d 1315, 1322, 123 USPQ2d 1744, 1747 (Fed. Cir. 2017). However, "[n]ot all of the [*du Pont*] factors are relevant to every case, and only factors of significance to the particular mark need be considered." *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1366, 101 USPQ2d 1713, 1719 (Fed. Cir. 2012) (quoting *In re Mighty Leaf Tea*, 601. F.3d 1342, 1346, 94 USPQ2d 1257, 1259 (Fed. Cir 2010)). The USPTO may focus its analysis "on dispositive factors, such as similarity of the marks and relatedness of the goods [and/or services]." *In re i.am.symbolic, llc*, 866 F.3d at 1322, 123 USPQ2d at 1747 (quoting *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1164-65, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002)); *see* TMEP §1207.01.

Similarity of the Marks

Marks are compared in their entireties for similarities in appearance, sound, connotation, and commercial impression. *Stone Lion Capital Partners, LP v. Lion Capital LLP*, 746 F.3d 1317, 1321, 110 USPQ2d 1157, 1160 (Fed. Cir. 2014) (quoting *Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1371, 73 USPQ2d 1689, 1691 (Fed. Cir. 2005)); TMEP §1207.01(b)-(b)(v). "Similarity in any one of these elements may be sufficient to find the marks confusingly similar." *In re Davia*, 110 USPQ2d 1810, 1812 (TTAB 2014) (citing *In re 1st USA Realty Prof'ls, Inc.*, 84 USPQ2d 1581, 1586 (TTAB 2007)); *In re White Swan Ltd.*, 8 USPQ2d 1534, 1535 (TTAB 1988)); TMEP §1207.01(b).

Here, the applied for mark CLOUD 9 VAPES very similar to CLOUD9 in sound, appearance, and commercial impression. The applied-for mark fully incorporates the registered mark as the first two words. The addition of the word VAPES is descriptive and therefore does not add significant distinction for trademark purposes.

Consumers are generally more inclined to focus on the first word, prefix, or syllable in any trademark or service mark. *See Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1372, 73 USPQ2d 1689, 1692 (Fed. Cir. 2005) ("VEUVE . . . remains a 'prominent feature' as the first word in the mark and the first word to appear on the label"); *In re Integrated Embedded*, 120 USPQ2d 1504, 1513 (TTAB 2016) ("[T]he dominance of BARR in [a]pplicant's mark BARR GROUP is reinforced by its location as the first word in the mark."); *Presto Prods., Inc. v. Nice-Pak Prods., Inc.*, 9 USPQ2d 1895, 1897 (TTAB 1988) ("it is often the first part of a mark which is most likely to be impressed upon the mind of a purchaser and remembered" when making purchasing decisions). Here, the first two elements of both marks consist of the word CLOUD and the number 9, leading to a confusingly similar sound, appearance, and commercial impression. See http://www.dictionary.com/browse/cloud-nine (defining "cloud nine" as a state of perfect happiness (usually in the phrase on cloud nine)).

CLOUD 9 and CLOUD9 are identical except for a slight difference in appearance between registrant's mark, which appears as a compound word with no space separating the words, that is, CLOUD9; and applicant's mark, which appears as multiple words with space separating the words, that is, CLOUD 9. As such, the dominant portion of the marks are identical in sound and virtually identical in appearance, and are thus confusingly similar for the purposes of determining likelihood of confusion. *See, e.g., Seaguard Corp. v. Seaward Int'l, Inc.*, 223 USPQ 48, 51 (TTAB 1984) ("[T]he marks 'SEAGUARD' and 'SEA GUARD' are, in contemplation of law, identical [internal citation omitted]."); *In re*

*Best W. Family Steak House, Inc.*, 222 USPQ 827, 827 (TTAB 1984) ("There can be little doubt that the marks [BEEFMASTER and BEEF MASTER] are practically identical"); *Stock Pot, Inc., v. Stockpot Rest., Inc.*, 220 USPQ 52, 52 (TTAB 1983), *aff'd* 737 F.2d 1576, 222 USPQ 665 (Fed. Cir. 1984) ("There is no question that the marks of the parties [STOCKPOT and STOCK POT] are confusingly similar. The word marks are phonetically identical and visually almost identical."). Thus, the addition of the space in the dominate portion of the registered mark does not obviate the confusing similarity.

The addition of the word VAPES does not add any source identifying significance because it is descriptive of applicant's services. Although marks are compared in their entireties, one feature of a mark may be more significant or dominant in creating a commercial impression. *See In re Viterra Inc.*, 671 F.3d 1358, 1362, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012); *In re Nat'l Data Corp.*, 753 F.2d 1056, 1058, 224 USPQ 749, 751 (Fed. Cir. 1985); TMEP §1207.01(b)(viii), (c)(ii). Matter that is descriptive of or generic for a party's goods is typically less significant or less dominant in relation to other wording in a mark. *See Anheuser-Busch, LLC v. Innvopak Sys. Pty Ltd.*, 115 USPQ2d 1816, 1824-25 (TTAB 2015) (citing *In re Chatam Int'l Inc.*, 380 F.3d 1340, 1342-43, 71 USPQ2d 1944, 1946 (Fed. Cir. 2004)).

In the present case, the attached evidence shows that the wording VAPES in the applied-for mark is merely descriptive of or generic for applicant's goods. See Disclaimer Section Below. Thus, this wording is less significant in terms of affecting the mark's commercial impression, and renders the wording CLOUD 9 the more dominant element of the mark.

Ultimately, when purchasers call for the goods of applicant and registrant using marks that consist of the identical term CLOUD 9, they are likely to be confused as the source of those goods due to the overall similarity between the marks. Thus, the marks are confusingly similar.

Relatedness of the Goods

The compared goods need not be identical or even competitive to find a likelihood of confusion. *See On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086, 56 USPQ2d 1471, 1475 (Fed. Cir. 2000); *Recot, Inc. v. Becton*, 214 F.3d 1322, 1329, 54 USPQ2d 1894, 1898 (Fed. Cir. 2000); TMEP §1207.01(a)(i). They need only be "related in some manner and/or if the circumstances surrounding their marketing are such that they could give rise to the mistaken belief that [the goods] emanate from the same source." *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369, 101 USPQ2d 1713, 1722 (Fed. Cir. 2012) (quoting *7-Eleven Inc. v. Wechsler*, 83 USPQ2d 1715, 1724 (TTAB 2007)); TMEP §1207.01(a)(i).

Here, applicant's retail stores featuring electronic cigarettes, vaporizers, chemical flavorings, and accessors are closely related to registrant's cigars and cigarillos because the goods travel in the same channels of trade.

The use of similar marks on or in connection with both products and retail-store services has been held likely to cause confusion where the evidence showed that the retail-store services featured the same type of products. *See In re House Beer, LLC*, 114 USPQ2d 1073, 1078 (TTAB 2015) (holding the use of identical marks for beer and for retail store services featuring beer likely to cause confusion); *In re Thomas*, 79 USPQ2d 1021, 1023 (TTAB 2006) (holding the use of similar marks for jewelry and for retail-jewelry and mineral-store services likely to cause confusion); *In re Peebles, Inc.*, 23 USPQ2d 1795, 1796 (TTAB 1992) (holding the use of nearly identical marks for coats and for retail outlets featuring camping and mountain climbing equipment, including coats, likely to cause confusion, noting that "there is no question that store services and the goods which may be sold in that store are related goods and services for the purpose of determining likelihood of confusion"); TMEP §1207.01(a)(ii).

The attached Internet evidence, consisting of third-party websites, establishes that the relevant goods and services are sold or provided through the same trade channels and used by the same classes of consumers in the same fields of use. Thus, applicant's and registrant's are considered related for likelihood of confusion purposes. *See, e.g., In re Davey Prods. Pty Ltd.*, 92 USPQ2d 1198, 1202-04 (TTAB 2009); *In re Toshiba Med. Sys. Corp.*, 91 USPQ2d 1266, 1268-69, 1271-72 (TTAB 2009).

- See https://www.jrcigars.com/brand/jr-alternative-cigars; https://www.jrcigars.com/brand/vapes-e-cigs (JR Cigars providing retail store services of cigars, electronic cigarettes and accessories, as well as selling its own brand of cigars)
- See http://www.cigarnvapes.com/ (Cigar N Vapes selling electronic cigarettes, vaporizers, chemical flavorings, accessories, and cigars and cigarillos)
- See https://www.bnbtobacco.com/ (BnB Tobacco selling electronic cigarettes, vaporizers, chemical flavorings, accessories, and cigars and cigarillos)
- See http://www.trendvape.com/ (Trend Smoke selling electronic cigarettes, vaporizers, chemical flavorings, accessories, and cigars and cigarillos)
- See https://www.smokersoutletonline.com/ (Smoker's Outlet Online selling electronic cigarettes, vaporizers, chemical flavorings, accessories, and cigars and cigarillos)

As the above evidence shows, cigars, cigarillos, and electronic cigarettes are commonly sold in the same channels of trade to the same class of consumers. Therefore, consumers are likely to encounter the applicant's mark and the registrant's mark in the same trade channels and are likely to believe that they originate from the same source.

Finally, the trademark examining attorney has attached evidence from the USPTO's X-Search database consisting of a number of third-party marks registered for use in connection with the same or similar goods as those of both applicant and registrant in this case. This evidence shows that the goods listed therein, namely, cigars, cigarillos, and retail stores featuring electronic cigarettes, are of a kind that may emanate from a single source under a single mark. *See In re Aquamar, Inc.*, 115 USPQ2d 1122, 1126 n.5 (TTAB 2015) (citing *In re Mucky Duck Mustard Co.*, 6 USPQ2d 1467, 1470 n.6 (TTAB 1988)); *In re Albert Trostel & Sons Co.*, 29 USPQ2d 1783, 1785-86 (TTAB 1993); TMEP §1207.01(d)(iii). *See* U.S. Registration Nos. 5249731, 5023210, 5163848, 4909234, and 4753746.

Ultimately, when purchasers encounter the goods of applicant and registrant, they are likely to be confused as to the source of the goods by the relationship between them. Thus, the goods are closely related.

Therefore, because the marks are confusingly similar and the goods are closely related, purchasers encountering these goods are likely to mistakenly believe that the goods emanate from a common source. Accordingly, there is a likelihood of confusion and registration is refused pursuant to Section 2(d) of the Trademark Act.

      Response to Section 2(d) – Likelihood of Confusion Refusal

Although applicant's mark has been refused registration, applicant may respond to the refusal by submitting evidence and arguments in support of registration.

**Advisory: Registration May be Refused Based on Prior Pending Applications**

The filing date of pending U.S. Application Serial Nos. 86178670, 86454100, and 86512230 precede applicant's filing date. See attached referenced applications. If the mark in the referenced applications register, applicant's mark may be refused registration under Trademark Act Section 2(d) because of a likelihood of confusion between the marks. *See* 15 U.S.C. §1052(d); 37 C.F.R. §2.83; TMEP §§1208 *et seq.* Therefore, upon receipt of applicant's response to this Office action, action on this application may be suspended pending final disposition of the earlier-filed referenced applications

In response to this Office action, applicant may present arguments in support of registration by addressing the issue of the potential conflict between applicant's mark and the marks in the referenced applications. Applicant's election not to submit arguments at this time in no way limits applicant's right to address this issue later if a refusal under Section 2(d) issues. **Notwithstanding the foregoing, applicant must respond to the refusal and requirements set forth below within 6 months of the issue/mailing date of this Office Action.**
**Disclaimer of Descriptive Wording Required**
Applicant must disclaim the wording "VAPES" because it merely describes a feature of applicant's services, and thus is an unregistrable component of the mark. *See* 15 U.S.C. §§1052(e)(1), 1056(a); *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1251, 103 USPQ2d 1753, 1755 (Fed. Cir. 2012) (quoting *In re Oppedahl & Larson LLP*, 373 F.3d 1171, 1173, 71 USPQ2d 1370, 1371 (Fed. Cir. 2004)); TMEP §§1213, 1213.03(a).
The term "vapes" refers to the use of electronic cigarettes, as well as electronic cigarettes themselves. See https://www.merriam-webster.com/dictionary/vapes (defining VAPE as "to inhale vapor through the mouth from a usually battery-operated electronic device (such as an electronic cigarette) that heats up and vaporizes a liquid or solid"); see also http://www.dictionary.com/browse/vape?s=t (defining VAPE as "an e-cigarette or similar device for marijuana; a vape pen").
Furthermore, the attached third-party webpages demonstrate the wording is commonly used in the marketplace in connection with similar services to mean electronic cigarettes. See https://vapingdaily.com/best-vapes/; http://vaping360.com/best-vapes/; https://info-electronic-cigarette.com/vapes/best/.
Therefore, the wording is descriptive of applicant's services in that it immediately informs the consumer o the goods sold in its retail stores, that is, electronic cigarettes and accessors related to electronic cigarettes.
An applicant may not claim exclusive rights to terms that others may need to use to describe their services in the marketplace. *See Dena Corp. v. Belvedere Int'l, Inc.*, 950 F.2d 1555, 1560, 21 USPQ2d 1047, 1051 (Fed. Cir. 1991); *In re Aug. Storck KG*, 218 USPQ 823, 825 (TTAB 1983). A disclaimer of unregistrable matter does not affect the appearance of the mark; that is, a disclaimer does not physically remove the disclaimed matter from the mark. *See Schwarzkopf v. John H. Breck, Inc.*, 340 F.2d 978, 978, 144 USPQ 433, 433 (C.C.P.A. 1965); TMEP §1213.
If applicant does not provide the required disclaimer, the USPTO may refuse to register the entire mark. *See In re Stereotaxis Inc.*, 429 F.3d 1039, 1040-41, 77 USPQ2d 1087, 1088-89 (Fed. Cir. 2005); TMEP §1213.01(b).
Applicant should submit a disclaimer in the following standardized format:
      **No claim is made to the exclusive right to use "VAPES" apart from the mark as shown.**
For an overview of disclaimers and instructions on how to satisfy this disclaimer requirement online using the Trademark Electronic Application System (TEAS) form, please go to http://www.uspto.gov/trademarks/law/disclaimer.jsp.
**Advisory: TEAS Plus and TEAS RF Requirements**

**TEAS PLUS OR TEAS REDUCED FEE (TEAS RF) APPLICANTS – TO MAINTAIN LOWER FEE, ADDITIONAL REQUIREMENTS MUST BE MET, INCLUDING SUBMITTING DOCUMENTS ONLINE:** Applicants who filed their application online using the lower-fee TEAS Plus or TEAS RF application form must (1) file certain documents online using TEAS, including responses to

Office actions (see TMEP §§819.02(b), 820.02(b) for a complete list of these documents); (2) maintain a valid e-mail correspondence address; and (3) agree to receive correspondence from the USPTO by e-mail throughout the prosecution of the application. *See* 37 C.F.R. §§2.22(b), 2.23(b); TMEP §§819, 820. TEAS Plus or TEAS RF applicants who do not meet these requirements must submit an additional processing fee of $125 per class of goods. 37 C.F.R. §§2.6(a)(1)(v), 2.22(c), 2.23(c); TMEP §§819.04, 820.04. However, in certain situations, TEAS Plus or TEAS RF applicants may respond to an Office action by authorizing an examiner's amendment by telephone or e-mail without incurring this additional fee.

### Responding to this Office Action

For this application to proceed further, applicant must explicitly address each refusal and/or requirement raised in this Office action. If the action includes a refusal, applicant may provide arguments and/or evidence as to why the refusal should be withdrawn and the mark should register. Applicant may also have other options specified in this Office action for responding to a refusal and should consider those options carefully. To respond to requirements and certain refusal response options, applicant should set forth in writing the required changes or statements. For more information and general tips on responding to USPTO Office actions, response options, and how to file a response online, see "Responding to Office Actions" on the USPTO's website.

If applicant does not respond to this Office action within six months of the issue/mailing date, or responds by expressly abandoning the application, the application process will end and the trademark will fail to register. *See* 15 U.S.C. §1062(b); 37 C.F.R. §§2.65(a), 2.68(a); TMEP §§718.01, 718.02. Additionally, the USPTO will not refund the application filing fee, which is a required processing fee. *See* 37 C.F.R. §§2.6(a)(1)(i)-(iv), 2.209(a); TMEP §405.04.

When an application has abandoned for failure to respond to an Office action, an applicant may timely file a petition to revive the application, which, if granted, would allow the application to return to active status. *See* 37 C.F.R. §2.66; TMEP §1714. The petition must be filed within two months of the date of issuance of the notice of abandonment and may be filed online via the Trademark Electronic Application System (TEAS) with a $100 fee. *See* 37 C.F.R. §§2.6(a)(15)(ii), 2.66(b)(1).

If applicant has any questions or needs further assistance, please telephone the assigned examining attorney.

/John T. Billings/
John T. Billings
Trademark Examining Attorney
Law Office 113
(571) 272-0186
john.billings@uspto.gov

**TO RESPOND TO THIS LETTER:** Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp. Please wait 48-72 hours from the issue/mailing date before using the Trademark Electronic Application System (TEAS), to allow for necessary system updates of the application. For *technical* assistance with online forms, e-mail TEAS@uspto.gov. For questions about the Office action itself, please contact the assigned trademark examining attorney. **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:** It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants). If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/. Please keep a copy of the TSDR status screen. If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199. For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:** Use the TEAS form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.